# IN THE UNITED STATE DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

CARPENTERS DISTRICT COUNCIL OF     )
KANSAS CITY PENSION FUND, et al.,     )
                                )     **No. 12-1296-CV-S-BCW**
             **Plaintiffs,**     )
     **v.**                               )
                                  )
**DONCO CONSTRUCTION SERVICES, LLC,**     )
                                  )
     **and**                              )
                                  )
**DONCO 3 CONSTRUCTION, LLC,**     )
                                  )
            **Defendants.**     )

## SUGGESTIONS IN OPPOSITION TO
## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
## AGAINST DEFENDANT DONCO CONSTRUCTION SERVICES, LLC

---

### ELLIS, ELLIS, HAMMONS & JOHNSON, P.C.

By:    /s/ Nicole L. Hutson
              Todd A. Johnson
              Missouri Bar No. 38363
              tjohnson@eehjfirm.com
              Nicole L. Hutson
              Missouri Bar No. 63518
              nhutson@eehjfirm.com
              901 St. Louis Street, Suite 600
              The Hammons Tower
              Springfield, Missouri 65806-2505
              Telephone: (417) 866-5091
              Facsimile: (417) 866-1064

              Attorneys for Defendant
              Donco Construction Services, LLC

# TABLE OF CONTENTS

Table of Authorities ................................................................................................................. ii

Background ........................................................................................................................... 1

Response to Plaintiffs' Statement of Undisputed Facts ....................................................... 2

Statement of Additional, Material Facts .............................................................................. 9

 Argument ............................................................................................................................ 10

    A. Legal Standard ....................................................................................................... 10

    B. Donco Construction Services, LLC Is Not Liable to Plaintiffs for Any
       Unpaid Contributions, and as a Result, the Plaintiffs' Motion for Summary
       Judgment Must Be Denied ....................................................................................... 10

    C. Defendant Donco Construction Services, LLC Is Not Liable for Any Additional
       Damages Because It Does Not Owe Plaintiffs Any Unpaid Contributions, and as
       A Result, the Plaintiffs' Motion for Summary Judgment Must Be Denied ................ 12

       a. Unpaid Contributions ......................................................................................... 12

       b. Liquidated Damages .......................................................................................... 14

       c. Interest ................................................................................................................ 15

       d. Attorneys' Fees and Costs ................................................................................. 17

       e. Other Costs ......................................................................................................... 19

Conclusion .......................................................................................................................... 20

Certificate of Service .......................................................................................................... 21

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ........................................................10

*Carpenters & Joiners Welfare Fund et al. v. Gittleman Corp.,* 857 F.2d 476, 478, 479 (8th Cir. 1988)........................................................................................................................................13

*Central States v. Independent Fruit & Produce Co.,* 919 F2d 1343, 1348 (8th Cir. 1990)...........18

*Lawrence v. Westerhaus,* 749 F.2d 494, 495, 496 (8th Cir. 1984) ...........................................17, 18

**Statutes and Other Authorities**

26 U.S.C. § 6621 ....................................................................................................................16

29 U.S.C. § 1132 ......................................................................................................................4

29 U.S.C. § 1132(g)(2) ..........................................................................14, 15,16, 18, 19, 20

29 U.S.C. § 1132(g)(2)(A) .....................................................................................................12

29 U.S.C. § 1132(g)(2)(B) .....................................................................................................15

29 U.S.C. § 1132(g)(2)(C) .....................................................................................................14

29 U.S.C. § 1132(g)(2)(D) .....................................................................................................17

29 U.S.C. § 1132(g)(2)(E) .....................................................................................................19

29 U.S.C. § 1145 ...................................................................................12, 14, 15, 17, 18 19

Federal Rule of Civil Procedure 56 ....................................................................................1, 10

Local Rule 56.1 .........................................................................................................................1

Local Rule 56.1(a) .......................................................................................................3, 4, 5, 6, 7, 8

Case 6:12-cv-01296-BCW   Document 84   Filed 08/28/15   Page 3 of 24

## IN THE UNITED STATE DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CARPENTERS DISTRICT COUNCIL OF | ) | |
| KANSAS CITY PENSION FUND, et al., | ) | |
| | ) | No. 12-1296-CV-S-BCW |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| DONCO CONSTRUCTION SERVICES, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DONCO 3 CONSTRUCTION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### SUGGESTIONS IN OPPOSITION TO
### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
### AGAINST DONCO CONSTRUCTION SERVICES, LLC

COMES NOW Defendant Donco Construction Services, LLC, by and through its counsel of record, and in accordance with Federal Rule of Civil Procedure 56 and Local Rule 56.1, submits its Suggestions in Opposition to Plaintiffs' Motion for Summary Judgment Against Donco Construction Services, LLC. Although the Motion is styled as "Plaintiffs' Motion for Summary Judgment Against Donco Construction Services, LLC for Liquidated Damages, Interest, Costs, and Attorneys Fees Owed to Plaintiffs as a Result of Defendant Donco Construction Services, LLC's Failure to Make All Employee Fringe Benefit Contributions," the motion is actually directed on Counts I, II, and III of Plaintiffs' First Amended Complaint. Because Plaintiffs have failed to comply with Federal Rule of Civil Procedure 56 in this regard, their Motion for Summary Judgment must be denied.

1

## RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS

1.     Defendant admits the allegations in paragraph 1 of Plaintiffs' Statement of Undisputed Facts ("Plaintiffs' Statement of Facts").[1]

2.     Defendant denies that the Agreements between it and the Plaintiffs continue to be in effect through the present date, as Donco Construction Services, LLC ceased business operations on or about May 5, 2012.  (Affidavit of Donald York at ¶ 12) (DEX 1). Defendant admits the remaining allegations contained in paragraph 2 of Plaintiffs' Statement of Facts.

3.     Defendant denies that Agreements between it and the Plaintiffs have not been terminated, as Donco Construction Services, LLC ceased any and all business operations on or about May 5, 2012. (Affidavit of Donald York at ¶ 12) (DEX 1).

4.     Defendant denies the allegations contained in paragraph 4 of Plaintiffs' Statement of Facts.  Defendant states that any and all Agreements between it and the Plaintiffs do not continue to be in effect through the present date, as Donco Construction Services, LLC ceased business operations on or about May 5, 2012.  (Affidavit of Donald York at ¶ 12) (DEX 1).

5.     Defendant admits the allegations in paragraph 5 of Plaintiffs' Statement of Facts.

6.     Defendant admits the allegations in paragraph 6 of Plaintiffs' Statement of Facts.

7.     Defendant admits the allegations in paragraph 7 of Plaintiffs' Statement of Facts.

8.     Defendant admits the allegations in paragraph 8 of Plaintiffs' Statement of Facts.

9.     Defendant admits the allegations in paragraph 9 of Plaintiffs' Statement of Facts.

10.     Defendant admits the allegations in paragraph 10 of Plaintiffs' Statement of Facts.

11.     Defendant admits the allegations in paragraph 11 of Plaintiffs' Statement of Facts.

12.     Defendant admits the allegations in paragraph 12 of Plaintiffs' Statement of Facts.

---

[1] Defendant's admissions of fact are for purposes of this Motion for Summary Judgment only, and do not waive or bar Defendant's right to contest any and all facts presented by Plaintiffs in subsequent proceedings in this case.

13.     Defendant admits the allegations in paragraph 13 of Plaintiffs' Statement of Facts.

14.     Defendant admits the allegations in paragraph 14 of Plaintiffs' Statement of Facts.

15.     Defendant admits the allegations in paragraph 15 of Plaintiffs' Statement of Facts.

16.     Defendant admits the allegations in paragraph 16 of Plaintiffs' Statement of Facts.

17.     Defendant admits the allegations in paragraph 17 of Plaintiffs' Statement of Facts.

18.     Defendant admits the allegations in paragraph 18 of Plaintiffs' Statement of Facts.

19.     Defendant admits the allegations in paragraph 19 of Plaintiffs' Statement of Facts.

20.     Local Rule 56.1(a) requires each fact to be supported by reference to where in the record the fact is established. Plaintiffs have failed to support the facts stated in paragraph 20 by reference to the record. Thus, the Court should ignore this statement of fact for purposes of Plaintiffs' Motion for Summary Judgment.

Without waiving and notwithstanding said objection of Plaintiffs' statement of fact, Defendant denies the allegations in paragraph 20 of Plaintiffs' Statement of Facts. Defendant has made all employee benefit plan contributions on behalf of its carpenter employees for work covered by any and all Agreements between Defendant and Plaintiffs for work performed between January 1, 2009 and March 31, 2012. (Affidavit of Donald York at ¶ 21) (DEX 1).

21.     Local Rule 56.1(a) requires each fact to be supported by reference to where in the record the fact is established. Plaintiffs have failed to support the facts stated in paragraph 21 by reference to the record. Thus, the Court should ignore this statement of fact for purposes of Plaintiffs' Motion for Summary Judgment.

Without waiving and notwithstanding said objection of Plaintiffs' statement of fact, Defendant denies the allegations in paragraph 21 of Plaintiffs' Statement of Facts. Any amounts Plaintiff demanded on or about August 12, 2010 are outside the time period, and, thus, scope of

3

this litigation. Further, Plaintiff has not alleged that the amounts sought to be collected by the demand of August 12, 2010 were assessed on any unpaid contributions or properly calculated pursuant to 29 U.S.C. §1132. (Exhibit C to Plaintiffs' Memorandum in Support of its Motion for Summary Judgment, Doc. 79-3).

22.     Local Rule 56.1(a) requires each fact to be supported by reference to where in the record the fact is established. Plaintiffs have failed to support the facts stated in paragraph 22 by reference to the record. Thus, the Court should ignore this statement of fact for purposes of Plaintiffs' Motion for Summary Judgment.

Without waiving and notwithstanding said objection of Plaintiffs' statement of fact, Defendant admits the allegations in paragraph 22 of Plaintiffs' Statement of Facts accurately reflect the allegations contained in its Complaint. Defendant further states:

      a.     At the time Plaintiffs filed this lawsuit, the audit process was ongoing and had not been finalized. (Affidavit of Donald York at ¶¶ 7-11, 15) (DEX 1).

      b.     Because the audit process was ongoing, whether any unpaid contributions were due to Plaintiffs or the amount of any unpaid contributions were not yet able to be determined. (Affidavit of Donald York at ¶ 17) (DEX 1).

      c.     Revision 3 of the audit stated that $12,156.16 were due in unpaid contributions to Plaintiffs. (Ex. F-1 to Plaintiffs' Memorandum in Support of its Motion for Summary Judgment, Doc. 79-6).

      d.     Plaintiffs filed this lawsuit knowing that the amounts listed in Revision 3 of the Audit were disputed by Donco Construction Services, LLC. (Affidavit of Donald York at ¶¶ 13-14) (DEX 1).

e.      Revision 4 of the audit was released on December 12, 2012. (Ex. F-2 of Plaintiffs' Memorandum in Support of its Motion for Summary Judgment, Doc. 79-7).

f.      Revision 4 of the audit stated that $2,625.47 were due in unpaid contributions to Plaintiffs. (Ex. F-2 of Plaintiffs' Memorandum in Support of its Motion for Summary Judgment, Doc. 79-7).

g.      Plaintiffs further filed this lawsuit knowing that amounts claimed due for unpaid contributions were inaccurate. (Affidavit of Donald York at ¶ 14-17, 20) (DEX 1).

23.      Local Rule 56.1(a) requires each fact to be supported by reference to where in the record the fact is established. Plaintiffs have failed to support the facts stated in paragraph 23 by reference to the record. Thus, the Court should ignore this statement of fact for purposes of Plaintiffs' Motion for Summary Judgment.

Without waiving and notwithstanding said objection of Plaintiffs' statement of fact, Defendant admits the allegations in paragraph 23 of Plaintiffs' Statement of Facts accurately reflect the allegations contained in its Complaint. Defendant further states:

a.      At the time Plaintiffs filed this lawsuit, the audit process was ongoing and had not been finalized. (Affidavit of Donald York at ¶ 7-11, 15) (DEX 1).

b.      Because the audit process was ongoing, whether any liquidated damages were due to Plaintiffs or the amount of any liquidated damages were not yet able to be determined. (Affidavit of Donald York at ¶ 17) (DEX 1).

5

  c.  Plaintiffs further filed this lawsuit knowing that amounts claimed due for liquidated damages were inaccurate. (Affidavit of Donald York at ¶ 14-17, 20) (DEX 1).

24.  Local Rule 56.1(a) requires each fact to be supported by reference to where in the record the fact is established. Plaintiffs have failed to support the facts stated in paragraph 24 by reference to the record. Thus, the Court should ignore this statement of fact for purposes of Plaintiffs' Motion for Summary Judgment.

  Without waiving and notwithstanding said objection of Plaintiffs' statement of fact, Defendant admits the allegations in paragraph 24 of Plaintiffs' Statement of Facts accurately reflect the allegations contained in its Complaint. Defendant further states:

  a.  At the time Plaintiffs filed this lawsuit, the audit process was ongoing and had not been finalized. (Affidavit of Donald York at ¶ 7-11, 15) (DEX 1).

  b.  Because the audit process was ongoing, whether any interest was due to Plaintiffs or the amount of any interest was not yet able to be determined. (Affidavit of Donald York at ¶ 17) (DEX 1).

  c.  Plaintiffs further filed this lawsuit knowing that amounts claimed due for interest was inaccurate. (Affidavit of Donald York at ¶ 14-17, 20) (DEX 1).

25.  Local Rule 56.1(a) requires each fact to be supported by reference to where in the record the fact is established. Plaintiffs have failed to support the facts stated in paragraph 25 by reference to the record. Thus, the Court should ignore this statement of fact for purposes of Plaintiffs' Motion for Summary Judgment.

Without waiving and notwithstanding said objection of Plaintiffs' statement of fact, Defendant denies the allegations in paragraph 25 of Plaintiffs' Statement of Facts. At the time Plaintiffs filed this lawsuit, the audit process was ongoing and had not been finalized. (Affidavit of Donald York at ¶ 7-11, 15) (DEX 1). Because the audit process was ongoing, whether any unpaid contributions were due to Plaintiffs or the amount of any unpaid contributions were not yet able to be determined. (Affidavit of Donald York at ¶ 17) (DEX 1). Revision 3 of the audit stated that $12,156.16 were due in unpaid contributions to Plaintiffs. (Ex. F-1 to Plaintiffs' Memorandum in Support of its Motion for Summary Judgment, Doc. 79-6). Plaintiffs filed this lawsuit knowing that the amounts listed in Revision 3 of the Audit were disputed by Donco Construction Services, LLC. (Affidavit of Donald York at ¶ 16) (DEX 1). Revision 4 of the audit was released on December 12, 2012. (Ex. F-2 of Plaintiffs' Memorandum in Support of its Motion for Summary Judgment, Doc. 76-7). Revision 4 of the audit stated that $2,625.47 were due in unpaid contributions to Plaintiffs. *Id*. Plaintiffs further filed this lawsuit knowing that amounts claimed due for unpaid contributions, liquidated damages, and interest were inaccurate and being disputed. (Affidavit of Donald York at ¶ 14-17, 20) (DEX 1).

26.    Local Rule 56.1(a) requires each fact to be supported by reference to where in the record the fact is established. Plaintiffs have failed to support the facts stated in paragraph 26 by reference to the record. Thus, the Court should ignore this statement of fact for purposes of Plaintiffs' Motion for Summary Judgment.

Without waiving and notwithstanding said objection of Plaintiffs' statement of fact, Defendant denies the allegations in paragraph 26 of Plaintiffs' Statement of Facts. The audit was revised because Plaintiffs continued to include amounts in the audit in clear error, including, but not limited to: listing amounts as due that had already previously been paid by Defendant;

7

improperly assessing amounts due to Plaintiffs for work not covered by the Agreements between Defendant and Plaintiffs; and improperly assessing amounts due to Plaintiffs for management employees. (Affidavit of Donald York at ¶¶ 7-10) (DEX 1). Defendant notified Plaintiffs of errors in the audits, which prompted the numerous revisions of the audits. (Affidavit of Donald York at ¶ 8) (DEX 1). No amounts allegedly due to Plaintiffs were collected by Plaintiffs from any independent third parties. (Affidavit of Donald York at ¶ 23) (DEX 1). All amounts were paid by Donco Construction Services, LLC. (Affidavit of Donald York at ¶ 22) (DEX 1).

27.     Local Rule 56.1(a) requires each fact to be supported by reference to where in the record the fact is established. Plaintiffs have failed to support the facts stated in paragraph 27 by reference to the record. Thus, the Court should ignore this statement of fact for purposes of Plaintiffs' Motion for Summary Judgment.

Without waiving and notwithstanding said objection of Plaintiffs' statement of fact, Defendant denies that $5,207.22 is currently owed to Plaintiffs for liquidated damages and interest. (Affidavit of Donald York at ¶¶ 15-20) (DEX 1). Defendant admits the remaining allegations contained in paragraph 27 of Plaintiffs' Statement of Facts.

28.     Local Rule 56.1(a) requires each fact to be supported by reference to where in the record the fact is established. Plaintiffs have failed to support the facts stated in paragraph 28 by reference to the record. Thus, the Court should ignore this statement of fact for purposes of Plaintiffs' Motion for Summary Judgment.

Without waiving and notwithstanding said objection of Plaintiffs' statement of fact, Defendant denies the Amended Complaint accurately recognized any amounts allegedly owed to Plaintiffs pursuant to Revision 4 of the audit. (Affidavit of Donald York at ¶¶ 17-20) (DEX 1).

Defendant admits the remaining allegations in paragraph 28 of Plaintiffs' Statement of Facts accurately reflect the allegations contained in its Amended Complaint.

29.     Defendant denies the allegations in paragraph 29 of Plaintiffs' Statement of Facts. The audit was revised because Plaintiffs continued to include amounts in the audit in clear error, including, but not limited to: listing amounts as due that had already previously been paid by Defendant; improperly assessing amounts due to Plaintiffs for work not covered by the Agreements between Defendant and Plaintiffs; and improperly assessing amounts due to Plaintiffs for management employees.  (Affidavit of Donald York at ¶¶ 7-9) (DEX 1). Defendant notified Plaintiffs of errors in the audits, which prompted the numerous revisions of the audits. (Affidavit of Donald York at ¶ 7-9) (DEX 1).  Plaintiffs' and its representatives own errors incurred the amount now alleged as due as audit costs. (Affidavit of Donald York at ¶ 7-9) (DEX 1).

30.     Defendant denies the allegations in paragraph 30 of Plaintiffs' Statement of Facts. The amount of costs and attorneys' fees allegedly incurred by Plaintiffs related to this litigation contain numerous entries unrelated to the collection of fringe benefit contributions to Plaintiffs, and, therefore, unrelated to Counts of Plaintiffs' Amended Complaint or Plaintiffs' Motion for Summary Judgment for Fringe Benefit Contributions.  (See Exhibit I of Plaintiffs' Memorandum in Support of its Motion for Summary Judgment, Doc. 79-10).

## STATEMENT OF ADDITIONAL, MATERIAL FACTS

1.     Donco Construction Services, LLC was a commercial concrete contractor operating in and around the Springfield, Missouri metropolitan area, as well as throughout southwest Missouri.  (Affidavit of Donald York at ¶ 4).

2.     Due to the recession strongly impacting the construction industry in or around

2008, Donco Construction Services, LLC began experiencing financial difficulty, including the ability to pay employee fringe benefit contributions to Plaintiff Funds. (Affidavit of Donald York at ¶ 5).

3.      As a result, Donco Construction Services, LLC consistently attempted to work with Plaintiffs in order to develop a payment plan with Plaintiffs, but were rebuffed in their efforts and rejected when they sought any type of assistance. (Affidavit of Donald York at ¶ 6).

## ARGUMENT

### A.      Legal Standard

Federal Rule of Civil Procedure 56 provides that the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Summary judgment is proper only if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates the absence of any genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### B.      Donco Construction Services, LLC Is Not Liable to Plaintiffs for Any Unpaid Contributions, and as a Result, the Plaintiffs' Motion for Summary Judgment Must Be Denied.

Donco Construction Services, LLC was a commercial concrete contractor operating in and around the Springfield, Missouri metropolitan area, as well as throughout southwest Missouri. (Affidavit of Donald York at ¶ 4) (DEX 1). Due to the recession strongly impacting the construction industry in or around 2008, Donco Construction Services, LLC began experiencing financial difficulty, including the ability to pay employee fringe benefit contributions to Plaintiff Funds. (Affidavit of Donald York at ¶ 5) (DEX 1). As a result, Donco

10

Construction Services, LLC consistently attempted to work with Plaintiffs in order to develop a payment plan with Plaintiffs, but were rebuffed in their efforts and rejected when they sought any type of assistance. (Affidavit of Donald York at ¶ 6) (DEX 1).

Plaintiffs audited Donco Construction Services, LLC's payroll records beginning in 2010, with a first draft of the audit findings being issued sometime thereafter. (Affidavit of Donald York at ¶ 7). Donco Construction Services, LLC disputed the findings and worked intimately with the Plaintiffs' auditors at Construction Benefits Audit Corporation (CBAC) to prepare a revised audit with corrected amounts. (Affidavit of Donald York at ¶ 8) (DEX 1). Staff from Donco Construction Services, LLC spent many hours working with the auditors to show that there had been errors made in the audit that resulted in overcharging Donco Construction Services, LLC for contributions to the Plaintiff Funds. (Affidavit of Donald York at ¶¶ 8-10) (DEX 1). Subsequently, four revisions of the audit were issued in total, with Revision 3 issued on September 20, 2012. (Affidavit of Donald York at ¶¶ 11-13 ; Ex. F-1 of Plaintiffs' Memorandum in Support of its Motion for Summary Judgment, Doc. 79-6).

Like the other revisions of the audit, Donco Construction Services, LLC disputed the findings in Revision 3 and continued to work closely with the auditors to determine if there were any actual unpaid contributions due to Plaintiffs. (Affidavit of Donald York at ¶ 14) (DEX 1). Plaintiffs filed this lawsuit prior to the revision being finalized. (Affidavit of Donald York at ¶ 15) (DEX 1). Because the audit process was ongoing, whether any unpaid contributions were due to Plaintiffs or the amount of any unpaid contributions were not yet able to be determined. (Affidavit of Donald York at ¶¶ 15-17) (DEX 1). Donco Construction Services, LLC ceased its business operations and closed its doors after a massive auction where its assets were sold on or about May 5, 2012. (Affidavit of Donald York at ¶ 12) (DEX 1). Revision 4, the final revision

11

of the audit, was issued on December 4, 2012. (Ex. F-1 of Plaintiffs' Memorandum in Support of its Motion for Summary Judgment, Doc. 79-6).

Donco Construction Services, LLC has paid all contributions shown to be unpaid pursuant to Revision 4 of the audit. (Affidavit of Donald York at ¶¶ 18, 19, 21) (DEX 1). Although there are no unpaid contributions due from Donco Construction Services, LLC to Plaintiffs, Plaintiffs have continued to pursue this costly and complex litigation for more than two years after any amount of unpaid contributions were determined and paid by Donco Construction Services, LLC. Plaintiffs have now asked this Court to find Defendant Donco Construction Services, LLC liable for $331,925.36 in damages due to allegedly failing to file timely employee fringe benefit contributions to Plaintiffs Funds.

No unpaid contributions are owed to Plaintiff Funds from Donco Construction Services, LLC. Plaintiff Funds have continued to pursue litigation in an attempt to seek damages of almost 12,000 percent more than any amount of unpaid contributions found to be due to Plaintiffs through the audit process. If the Court determines there are employee fringe benefit contributions that are due to Plaintiffs from Donco Construction Services, LLC, there is an issue of fact as to the amount of contributions that are owed. Therefore, Plaintiffs' Motion for Summary must be denied as a matter of law.

**C.**     **Defendant Donco Construction Services, LLC Is Not Liable for Any Additional Damages Because It Does Not Owe Plaintiffs Any Unpaid Contributions, and as a Result, the Plaintiffs' Motion for Summary Judgment Must Be Denied.**

      **a.**    **Unpaid Contributions**

In any action by a fiduciary for or on behalf of a plan to enforce Section 1145 of ERISA in which a judgment in favor of the plan is awarded, the court shall award the plan the unpaid contributions. 29 U.S.C. § 1132(g)(2)(A). The definition of "unpaid contributions" was not set

forth by Congress by statute, but has been further determined by the Eighth Circuit. The Eighth Circuit has interpreted the term "unpaid contributions" to mean "contributions unpaid at the time suit was filed, rather than contributions which were delinquent for some time but which were paid up before suit was filed." *Carpenters & Joiners Welfare Fund et al. v. Gittleman Corp.*, 857 F.2d 476, 478 (8th Cir. 1988).

In this case, Plaintiffs have claimed that at the time that this lawsuit was filed, unpaid contributions were owed in the amount of $36,700.69. This is simply an inaccurate portrayal of the amount of contributions allegedly due at the time suit was filed.

As set forth fully above, Revision 3 of the Audit of Donco Construction Services, LLC was authored on September 20, 2012. (Ex. F-1 of Plaintiffs' Memorandum in Support of its Motion for Summary Judgment, Doc. 79-6). Plaintiff filed this lawsuit on October 24, 2012. On December 4, 2012, Revision 4 of the Audit of Donco Construction Services, LLC was issued. (Ex. F-2 of Plaintiffs' Memorandum in Support of its Motion for Summary Judgment, Doc. 79-7). The audit was ongoing and continuous from the date of its inception through the completion of Revision 4 of the audit. (Affidavit of Donald York at ¶¶ 13-18, 20) (DEX 1). The audit was not completed until Revision 4 was issued, which was after Plaintiffs filed this lawsuit. Therefore, the amount of unpaid contributions, if any, were unable to be determined at the time Plaintiffs filed this lawsuit. Pursuant to the Eighth Circuit's ruling in *Gittleman*, unpaid contributions are only contributions unpaid at the time suit was filed. The unpaid contributions were certainly not the $36,700.69 Plaintiffs are alleging to be due in unpaid contributions. By knowingly using this inaccurate number, Plaintiffs are simply attempting to inflate the amount of contributions to sway the Court in their favor. Because no contributions are due and owing to Plaintiffs, Plaintiffs' Motion for Summary Judgment must be denied as a matter of law.

13

However, if the Court determines there are employee fringe benefit contributions that are due to Plaintiffs from Donco Construction Services, LLC, there is a clear issue of fact as to the amount of contributions owed. Plaintiffs' Motion for Summary Judgment must be denied on that point alone, as a genuine issue of material fact exists.

### b. Liquidated Damages

In any action by a fiduciary for or on behalf of a plan to enforce Section 1145 of ERISA in which a judgment in favor of the plan is awarded, the court shall award the plan an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent of the amount determined by the court for unpaid contributions. 29 U.S.C. § 1132(g)(2)(C).

In Plaintiffs' Motion, they have requested $83,363.52 in liquidated damages from Donco Construction Services, LLC. This amount not only greatly exceeds the twenty (20) percent rule set forth pursuant to the ERISA framework, but vastly exceeds the total amount of unpaid contributions Plaintiffs allege are due. If any liquidated damages were determined to be due by the Court, the Eighth Circuit has held that a liquidated damages amount could not exceed the twenty (20) percent rule set forth in the statutory framework of 29 U.S.C. § 1132(g)(2). *Gittleman*, 857 F.2d at 478-479. The Eighth Court has also held that the remedies set forth pursuant to 29 U.S.C. §1132(g)(2) are the exclusive remedy and were "meant to supplant any remedy that otherwise would be available," including any additional remedies set forth in a collective bargaining agreement. *Id*. at 479.

At the time Plaintiffs filed this lawsuit, the audit process was ongoing and had not been finalized. (Affidavit of Donald York at ¶¶ 13-18, 20) (DEX 1). Because the audit process was ongoing, whether any unpaid contributions were due to Plaintiffs or the amount of any unpaid

14

contributions were not yet able to be determined. (Affidavit of Donald York at ¶ 17) (DEX 1). Plaintiffs filed this lawsuit knowing that the amounts listed in Revision 3 of the Audit were disputed by Donco Construction Services, LLC and that another Revision of the audit would be issued. (Affidavit of Donald York at ¶¶ 14-16) (DEX 1). Plaintiffs further filed this lawsuit knowing that amounts claimed due for unpaid contributions and liquidated damages were inaccurate. (Affidavit of Donald York at ¶ 20) (DEX 1).

Plaintiffs have also claimed that Donco Construction Services, LLC owes $79,991.87 in liquidated damages allegedly related to unpaid contributions prior to August 12, 2010 (Plaintiffs' Memorandum in Support of its Motion for Summary Judgment, Doc. 79, Statement of Facts ¶ 21 and pg. 12). However, Plaintiffs cannot recover any liquidated damages that are not based on the amount of unpaid contributions and the statutory framework set forth in 29 U.S.C. § 1132(g)(2). Because there are no unpaid contributions due and owing to Plaintiffs, they are not entitled to any liquidated damages as a matter of law. Therefore, Plaintiffs' Motion for Summary Judgment must be denied. However, if the Court determines there are employee fringe benefit contributions that are due to Plaintiffs from Donco Construction Services, LLC, there is a clear issue of fact as to the amount of contributions and liquidated damages owed. Plaintiffs' Motion for Summary Judgment must be denied on that point alone, as a genuine issue of material fact exists.

c.  **Interest**

In any action by a fiduciary for or on behalf of a plan to enforce Section 1145 of ERISA in which a judgment in favor of the plan is awarded, the court shall award the plan interest on the unpaid contributions. 29 U.S.C. § 1132(g)(2)(B). Further, "interest on unpaid contributions shall

15

be determined by using the rate provided under the plan, or, if none, the rate prescribed under [26 U.S.C. § 6621]."

As set forth fully above, the audit process was ongoing and the audit had not been finalized at the time Plaintiffs filed this lawsuit. (Affidavit of Donald York at ¶¶ 13-18, 20) (DEX 1).  Because the audit process was ongoing, whether any unpaid contributions were due to Plaintiffs or the amount of any unpaid contributions were not yet able to be determined at the time. (Affidavit of Donald York at ¶ 17) (DEX 1). Plaintiffs filed this lawsuit knowing that the amounts listed in Revision 3 of the Audit were disputed by Donco Construction Services, LLC. (Affidavit of Donald York at ¶¶ 14-16) (DEX 1).  Plaintiffs further filed this lawsuit knowing that amounts claimed due for unpaid contributions and interest claimed for the payment of those contributions were inaccurate. (Affidavit of Donald York at ¶ 20) (DEX 1).

Plaintiffs have alleged that Donco Construction Services, LLC owes at least double the amount of liquidated damages and interest to the Funds than the final audit found to be due in unpaid contributions.  Further, Plaintiffs have not divulged their method used to calculate any alleged interest owed, and the amount alleged is clearly not calculated pursuant to 29 U.S.C. § 1132(g)(2). Plaintiffs cannot recover any interest that is not based on the amount of unpaid contributions and the statutory framework set forth in 29 U.S.C. § 1132(g)(2). Because there are no unpaid contributions due and owing to Plaintiffs, they are not entitled to any interest as a matter of law. Therefore, Plaintiffs' Motion for Summary Judgment must be denied.  However, if the Court determines there are employee fringe benefit contributions that are due to Plaintiffs from Donco Construction Services, LLC, there is a clear issue of fact as to the amount of contributions and interest owed. Plaintiffs' Motion for Summary Judgment must be denied on that point alone, as a genuine issue of material fact exists.

### d. **Attorneys' Fees and Costs**

In any action by a fiduciary for or on behalf of a plan to enforce Section 1145 of ERISA in which a judgment in favor of the plan is awarded, the court shall award the plan reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D). The decision whether to award attorneys' fees under ERISA is discretionary, not mandatory. *Lawrence v. Westerhaus*, 749 F.2d 494, 495 (8th Cir. 1984). In the Eighth Circuit, there is not a presumption in favor of attorney fees in an ERISA action. *Id*. The Eighth Circuit has also determined that in exercising that discretion, a court should consider these factors:

> "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions." *Lawrence*, 749 F.2d at 495-496.

In considering any award of attorneys' fees, the Court must use these factors as guidelines in determining any award. Donco Construction Services, LLC continuously attempted to negotiate with Plaintiffs to enter into a payment plan in order to provide regular payments on any contributions due while the company was struggling financially, while Plaintiffs refused to work with them. (Affidavit of Donald York at ¶¶ 5-11). Donco Construction Services, LLC ceased its business operations in late 2012, and its sole member and owner, Donald York, has retired. (Affidavit of Donald York at ¶¶ 3, 12). Donco Construction Services, LLC has no ability to pay any award of attorneys' fees entered against them by this Court. Further, there is no significant legal ERISA question at stake in this litigation. In addition, Donco Construction Services, LLC has paid all contributions found to be due and owing to Plaintiffs, but Plaintiffs

have continued to pursue this costly litigation for an additional two and a half years. (Affidavit of Donald York at ¶¶ 20-21).

Further, Plaintiffs have asserted that they are seeking to enforce provisions of § 515 of ERISA. However, the Eighth Circuit has consistently held that Congress enacted § 515 of ERISA in order to "simply actions to collect delinquent contributions [and] avoid costly litigation." *Central States v. Independent Fruit & Produce Co.*, 919 F.2d 1343, 1348 (8th Cir. 1990). Plaintiffs have used this litigation contrary to Congress's intent by continuing to engage in costly litigation where there are no unpaid contributions due to Plaintiffs. Essentially, Plaintiffs have done exactly was Congress sought to avoid by enacting § 515.

Plaintiffs have requested the Court award them attorneys' fees and costs in the amount of $211,003.77. (See Exhibit I of Plaintiffs' Memorandum in Support of its Motion for Summary Judgment, Doc. 79-10). Plaintiffs seek this award for attorneys' fees for work allegedly beginning on July 27, 2010. That is a period for two years prior to any litigation began on this matter. Further, an award of $211,003.77 is approximately 8,000 percent more than any amount of unpaid contributions found to be due to Plaintiffs through the audit process. Further, the amount of costs and attorneys' fees allegedly incurred by Plaintiffs related to this litigation contain numerous entries unrelated to the collection of fringe benefit contributions to Plaintiffs, and, therefore, unrelated to Counts of Plaintiffs' Amended Complaint or Plaintiffs' Motion for Summary Judgment for Fringe Benefit Contributions.

The award of attorneys' fees and costs pursuant to the statutory framework set forth in 29 U.S.C. §1132(g)(2) is discretionary, not mandatory. *Lawrence,* 749 F.2d at 495. Plaintiffs' request for attorneys' fees and costs are not only undoubtedly unreasonable, but also fail to comply with the Eighth Circuit's interpretation of awards pursuant to ERISA and 29 U.S.C. §

1132(g)(2). There is no question that a clear, genuine issue of material fact exists as to the amount of attorneys' fees and costs requested by Plaintiffs in this matter. Because a genuine issue of material fact exists and Plaintiffs have failed to comply with Eighth Circuit interpretation of attorneys' fees, Plaintiffs' arguments fail as a matter of law. Therefore, Plaintiffs' Motion for Summary Judgment must be denied.

### e. Other Costs

In any action by a fiduciary for or on behalf of a plan to enforce Section 1145 of ERISA in which a judgment in favor of the plan is awarded, the court shall award the plan such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2)(E).

Plaintiffs have requested the Court award audit costs in the amount of $35,722.50. (See Exhibit H of Plaintiffs' Memorandum in Support of its Motion for Summary Judgment, Doc. 79-9). Plaintiffs seek this award for audit costs for work allegedly beginning in 2010. These costs are sought for an audit that concluded that $2,625.47 were due to Plaintiffs from Donco Construction Services, LLC. Plaintiffs now seek to receive costs in an amount that is approximately 1,360 percent more than any amount of unpaid contributions found to be due to Plaintiffs through the audit process. Donco Construction Services, LLC disputed the findings of the initial audit and worked intimately with the Plaintiffs' auditors at Construction Benefits Audit Corporation (CBAC) to prepare a revised audit with corrected amounts. (Affidavit of Donald York at ¶ 8) (DEX 1). Donco Construction Services, LLC notified Plaintiffs of errors in the audits, which prompted the numerous revisions of the audits. (Affidavit of Donald York at ¶ 8) (DEX 1). The audit was revised because Plaintiffs continued to include amounts in the audit in clear error, including, but not limited to: listing amounts as due that had already previously been paid by Defendant; improperly assessing amounts due to Plaintiffs for work not covered by

the Agreements between Defendant and Plaintiffs; and improperly assessing amounts due to Plaintiffs for management employees. (Affidavit of Donald York at ¶ 9) (DEX 1). Staff from Donco Construction Services, LLC spent many hours working with the auditors to show that there had been errors made in the audit that resulted in overcharging Donco Construction Services, LLC for contributions to the Plaintiff Funds. (Affidavit of Donald York at ¶ 10) (DEX 1).

The award of other costs pursuant to the statutory framework set forth in 29 U.S.C. §1132(g)(2) is discretionary, not mandatory. Plaintiffs' request for such costs are not only significantly higher than any amount due uncovered by the audit, but such costs are also a product of Plaintiffs' own errors in the auditing process. Further, Plaintiffs have provided no detailed billing invoices to support the amounts they allege for these costs. That fact, standing alone, presents a genuine issue of material fact as to the audit costs. There is no question that a clear, genuine issue of material fact exists as to the amount of audit costs requested by Plaintiffs in this matter. Therefore, Plaintiffs' Motion for Summary Judgment must be denied.

## CONCLUSION

For these reasons, Plaintiffs have failed to show that there are no genuine issues of material fact and that the Plaintiffs are entitled to judgment as a matter of law. Therefore, its Motion for Summary Judgment must be denied.

**ELLIS, ELLIS, HAMMONS & JOHNSON, P.C.**

By: ___/s/ Nicole L. Hutson_____
                Todd A. Johnson
                Missouri Bar No. 38363
                tjohnson@eehjfirm.com
                Nicole L. Hutson
                Missouri Bar No. 63518
                nhutson@eehjfirm.com
                901 St. Louis Street, Suite 600
                The Hammons Tower
                Springfield, Missouri 65806-2505
                Telephone: (417) 866-5091
                Facsimile: (417) 866-1064

                Attorneys for Defendant
                Donco Construction Services, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served electronically to those parties who have entered an appearance in the court's Electronic Court Filing (ECF) System, upon the attorneys of record for each party to this action on this 27th day of August, 2015, to-wit:

Paul E. Torlina
1100 Main Street, Suite 2005
Kansas City, MO 64106
petorlina@anwjpc.com
***Attorneys for Plaintiffs***

Rick E. Temple
Law Offices of Rick E. Temple, LLC
1358 E. Kingsley, Suite D
Springfield, MO 65804
templeesq@sbcglobal.net
***Attorney for Defendant Donco 3 Construction, LLC***

_____/s/ Nicole L. Hutson_____
                Todd A. Johnson

21