IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

CARPENTERS DISTRICT COUNCIL )
OF KANSAS CITY PENSION FUND, )
et al., )
                         )
           Plaintiffs, )
                         )
v. )     Case No. 6:12-CV-01296-BCW
                         )
DONCO CONSTRUCTION )
SERVICES, LLC, )
                         )
           Defendant. )

## ORDER

Before the Court are Plaintiffs' Motions for Summary Judgment against Defendant Donco Construction Services, LLC for Liquidated Damages, Interest, Costs, and Attorneys Fees owed to Plaintiffs as a Result of Donco's Failure to Make all Employee Fringe Benefit Contributions (Doc. #78), and against both Defendants for Alter Ego (Doc. #80). The Court, being duly advised of the premises, finds genuine issues of material fact remain in dispute and Plaintiff is not entitled to judgment as a matter of law on either motion.

## BACKGROUND

Plaintiffs Carpenters District Council of Kansas City Pension Fund, Carpenters District Council of Kansas City & Vicinity Welfare Fund, Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund, and Carpenters District Council of Kansas City Vicinity Vacation Fund are trust funds, constituting employee benefit plans as defined in the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq*. ("ERISA"). Plaintiffs Keith Winn and Donald E. Greenwell, III are the trustees of the funds at issue (hereinafter collectively, "the Funds").

1

The Funds were established pursuant to a collective bargaining agreement ("CBA") between the Builders Association of Missouri ("Association") and The United Brotherhood of Carpenters and Joiners of America, District Council of Kansas City and Vicinity, AFL-CIO ("Union"). The Trust Agreement establishing the Fund was amended and revised effective January 1, 1976.

Defendant Donco Construction Services, LLC ("Donco"), was a limited liability company doing concrete construction work within the Western District of Missouri. On December 28, 2001, Donco stipulated to the terms of the CBA in effect at that time, and continued to be in effect on and after January 1, 2009. Under the CBA, Donco agreed to contribute to the Funds various sums per hour for each carpenter employee covered by the CBA performing qualifying work. On August 12, 2010, the Funds made a demand on Donco for liquidated damages and interest based on Donco's failure to make required contributions for work performed between January 1, 2009 and March 31, 2012.

Donco's principal owner was Don York. York's daughter, Alisha, was a Donco employee and served mostly in an administrative role. York's wife, Beverly, also worked for Donco in an administrative role. York's son, Aaron, was also employed by Donco and at least sometimes served in a supervisory capacity. Donco also employed Aaron's wife, Rachel York.

In 2010, Beverly and Rachel York formed Defendant Donco 3 Construction, LLC ("3") as a woman-owned small business through filing with the Missouri Secretary of State.

Although 3 initially operated at the same business address as Donco, 3 leased its office space and operated as a separate entity, with its own bank accounts, insurance, licenses, and tax identification numbers. 3 was formed as a non-union company and at no time agreed to the CBA that obligated Donco to contribute to the Funds.

Like Donco, 3 performed concrete construction work in the Southwest Missouri area. 3 acted as a subcontractor, and worked with Donco and other companies through subcontracts won through the bid process. When 3 won a Donco subcontract, some Donco employees, who were covered by the CBA, performed work for 3. In the course of its operations, 3 leased at least 15% of the equipment and tools it used to perform its concrete construction work from Donco, for $1.00 per year.

In May 2012, Donco auctioned off its assets. At the auction, Donco employees bid on and purchased Donco tools and/or equipment. Aaron York also bid on and purchased auction items for his individual use. Thereafter, 3 continued operations through the use of equipment and/or tools leased from and/or otherwise provided by Don York or Aaron York individually.

On October 24, 2012, the Funds filed this suit, asserting that defendants are liable for unpaid contributions under the CBA. Based on an initial audit of Donco's records, the Funds alleged damages in an amount of $44,580.15. After a revised audit, the Funds' damages were calculated at $7,832.69. On March 6, 2013, Donco made a payment to the Funds in an amount of $2,625.47 for unpaid contributions, but did not pay the remaining $5,207.22 assessed for liquidated damages and interest for these unpaid contributions.

The Funds allege, for purposes of summary judgment, that under alter ego theory both Donco and 3 are jointly and severally liable for liquidated damages, interest, costs, and attorneys' fees, stemming from unpaid contributions to the Funds.

## LEGAL STANDARD

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

3

Case 6:12-cv-01296-BCW   Document 102   Filed 12/02/15   Page 3 of 8

matter of law. Fed. R. Civ. P. 56(c). A party who moves for summary judgment bears the burden to establish that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, the court must evaluate the evidence in the light must favorable to the nonmoving party and the nonmoving party is entitled to "the benefit of all reasonable inferences." Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp., 950 F.2d 566, 569 (8th Cir. 1991).

## DISCUSSION

The parties do not dispute that Donco was a party to the CBA and was thus bound to make contributions to the Funds. Furthermore, the parties do not dispute that these contributions are governed by ERISA.

### A. THE FUNDS' MOTION FOR SUMMARY JUDGMENT AGAINST DONCO FOR LIQUIDATED DAMAGES, INTERESTS, COSTS, AND ATTORNEYS' FEES (DOC. #78) IS ISAGRANTED IN PART AND DENIED IN PART.

The Funds contend that they are entitled to summary judgment because there exists no genuine issue of material fact that Donco failed to make required contributions from January 1, 2009 through March 31, 2012, such that Donco is statutorily liable for liquidated damages, interests costs, and attorneys' fees under 29 U.S.C. § 1132.

Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended, set forth the remedy for a fiduciary who seeks to enforce employer contributions to employee trust funds. "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or agreement." 29 U.S.C. § 1145. In the event a party fails to make required contributions under § 1145, ERISA § 515 provides for recovery as follows:

4

> In any action under this subchapter by a . . . fiduciary or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-
>
>> (A)  the unpaid contributions,
>>
>> (B)  interest on the unpaid contributions,
>>
>> (C)  an amount equal to the greater of –
>>
>>> (i)  interest on the unpaid contributions, or
>>>
>>> (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>>
>> (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>>
>> (E)  such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1332(g). Thus, under certain circumstances, liquidated damages should be assessed, in an amount not exceeding 20%, of the total amount of unpaid contributions. 29 U.S.C. § 1132(g)(2)(C)(ii). Moreover, if these statutory provisions are triggered under the factual circumstances, their application is mandatory. <u>Carpenters' Dist. Council of Greater St. Louis v. Joe Schulte Constr. Co., Inc.</u>, No. 4:06CV1077RWS, 2007 WL 28440, *1 (E.D. Mo. Jan. 3, 2007).

Upon the undisputed facts of this case, the Funds filed suit on October 24, 2012, but did not provide Donco with a calculation of the amounts owed until sometime after that date. Essentially, Donco argues that the Funds' conduct prevented its timely compliance under the CBA, and moreover, Donco paid the $2,625.47 in formerly unpaid contributions, such that no liability may arise under § 1332(g).

An "unpaid contribution" is any contribution that is unpaid at the time the suit is filed. Carpenters & Joiners Welfare Fund v. Gittleman Corp., 857 F.2d 476, 478 (8th Cir. 1988) (citations omitted); Malcolm v. Keystone Bldg. Sys. Inc., No. Civ. 04-3210 (JMR/FLN), 2005 WL 1277797, *4 (D. Minn. May 26, 2005) (finding unpaid contributions where defendant offered to pay contributions owed in full during pendency of lawsuit against same). By contrast, contributions not timely made, but "tendered prior to commencement of [a] lawsuit [are] not unpaid contributions from which liquidated damages could be calculated." BAC Local Union 15 Pension Fund v. Jerry Bennet Masonry Contractor, Inc., No. 4:10-CV-00605-DGK, 2012 WL 1112295, *4 (W.D. Mo. Apr. 2, 2012).

In the Court's view, the undisputed facts of this case demonstrate that Donco owed fringe benefit contributions to the Funds on October 24, 2012. To the extent Donco argues that it could not make the required contributions without the Funds providing proper audit, ERISA requires both a participating employer to make timely contributions, and qualifying plan to take action to collect any unpaid contributions. 29 U.S.C. §§ 1106, 1007. Thus, under the uncontroverted facts of this case, Donco was liable for unpaid contributions on the date the Funds filed suit against it. Although the Court recognizes Donco paid $2,625.47 to the Funds in March 2013, ERISA still requires assessment of statutory damages on that amount of unpaid contributions that existed on the date that the Funds filed suit. The Court therefore concludes that there is no genuine issue of material fact that Donco had unpaid contribution on the date that the Funds filed suit against it, such that the Funds are entitled to judgment as a matter of law on this issue.

However, genuine issues of material fact remain with respect to the amount of contributions owed to the Funds. First, while the parties agree that the relevant time period in this case begins on January 1, 2009, the parties disagree with the date through which Donco is liable.

Second, while Donco has paid $2,625.47 to the Funds, there remains material disagreement with respect to the audit process and the proper calculation of the amount of contributions actually owed. Because these issues relate to the calculation of unpaid contributions, the Court cannot properly assess damages in the Funds' favor based on the current record. Therefore, the Funds are entitled to partial summary judgment only on the issue that Donco is liable for unpaid contributions under § 1332(g).

### B. THE FUNDS' MOTION FOR SUMMARY JUDGMENT AGAINST DONCO AND 3 FOR ALTER EGO (DOC. #80) IS DENIED.

The Funds contend that they are entitled to summary judgment because there is no genuine issue of material fact that Donco and 3 are alter egos of each other, and the Funds are entitled to judgment as a matter of law based on this theory.

"Determination of alter ego status involves a mixed question of law and fact." Greater Kansas City Laborers Pension Fund v. Superior Gen. Contractors, Inc., 104 F.3d 1050, 1054 (8th Cir. 1996). In the ERISA context, "the legal fiction of the separate corporate entity may be rejected in the case of a corporation that (1) is controlled by another to the extent that it has independent existence in form only and (2) is used as a subterfuge to defeat public convenience, to justify wrong, or to perpetuate a fraud." Id. (citing In re B.J. McAdams, Inc., 66 F. 3d 931, 937 (8th Cir. 1995) cert. denied, 518 U.S. 1017 (1996)). This two-prong standard "strikes an appropriate balance between the congressional intent of ERISA and the long-established principle that a corporation's existence is presumed to be separate and may be disregarded only under narrowly prescribed circumstances." Id. at 1055.

In this case, unpaid contributions to the Funds are at issue. Based on the current record, the extent of Donco's control over 3 is unclear, and the parties dispute the purpose for which 3 was created. Therefore, the Court concludes that the Funds are not entitled to judgment on the

7

theory that Donco and 3 are alter egos with joint and several liability with respect to the unpaid contributions. Accordingly, it is hereby

ORDERED Plaintiffs' Motion for Summary Judgment against Defendant Donco Construction Services, LLC for Liquidated Damages, Interest, Costs, and Attorneys Fees (Doc. #78) is GRANTED IN PART and DENIED IN PART. The motion is granted only in that Donco is liable under 29 U.S.C. § 1332(g), and the motion is otherwise denied. It is further

ORDERED Plaintiffs' Motion for Summary Judgment against Defendant Donco and Donco 3 for Alter Ego (Doc. #80) is DENIED.

IT IS SO ORDERED.

DATED: <u>December 2, 2015</u>

/s/ Brian C. Wimes<br>
JUDGE BRIAN C. WIMES<br>
UNITED STATES DISTRICT COURT